# NO. 12-12-00270-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *WILLIE FRANK WADE,*<br>*APPELLANT* | § | *APPEAL FROM THE 402ND* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *WOOD COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Willie Frank Wade appeals his conviction for possession of a controlled substance. In one issue, Appellant argues that the evidence is insufficient to support the verdict. We affirm.

### BACKGROUND

Officers working for the City of Hawkins Police Department stopped Appellant's vehicle on July 10, 2010, for a traffic violation. As Appellant was pulling over, an object was thrown out of the passenger side window of his vehicle. One of the officers went to retrieve the item and found a prescription bottle "near the curb on the ground." The officers believed that the bottle contained a controlled substance, and a subsequent analysis of the substance inside the bottle revealed that it was 3.82 grams of cocaine.

A Wood County grand jury indicted Appellant for the felony offense of possession of a controlled substance, specifically cocaine in an amount of more than one gram but less than four grams. The grand jury also alleged that Appellant had been previously convicted of two prior and sequential felony offenses. Appellant pleaded not guilty at trial. The jury found Appellant guilty as charged. Following a sentencing hearing, the trial court found the enhancement

paragraphs to be true and assessed a sentence of imprisonment for twenty years. This appeal followed.

## SUFFICIENCY OF THE EVIDENCE

In his sole issue, Appellant argues that evidence is legally insufficient to support the verdict because no fingerprints or DNA evidence link him to the cocaine in the prescription bottle.

### Standard of Review and Applicable Law

The due process guarantee of the Fourteenth Amendment requires that a conviction be supported by legally sufficient evidence. *See Jackson v. Virginia*, 443 U.S. 307, 315–16, 99 S. Ct. 2781, 2786–87, 61 L. Ed. 2d 560 (1979); *see also Brooks v. State*, 323 S.W.3d 893, 917 (Tex. Crim. App. 2010) (plurality opinion). Evidence is not legally sufficient if, when viewing the evidence in a light most favorable to the verdict, no rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *see also Rollerson v. State*, 227 S.W.3d 718, 724 (Tex. Crim. App. 2007). Under this standard, a reviewing court does not sit as a thirteenth juror and may not substitute its judgment for that of the fact finder by reevaluating the weight and credibility of the evidence. *See Brooks*, 323 S.W.3d at 899; *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999). Instead, a reviewing court defers to the fact finder's resolution of conflicting evidence unless that resolution is not rational in light of the burden of proof. *See Brooks*, 323 S.W.3d at 899–900. The duty of a reviewing court is to ensure that the evidence presented actually supports a conclusion that the defendant committed the crime. *See Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).

The sufficiency of the evidence is measured against the offense as defined by a hypothetically correct jury charge. *See Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). A hypothetically correct jury charge "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant is tried." *Id.*

As alleged in the indictments, the State's evidence had to show that Appellant knowingly or intentionally possessed a controlled substance listed in Penalty Group 1 in an amount of more

2

than one gram but less than four grams. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(c) (West 2010). Cocaine is listed in Penalty Group 1. *See id*. § 481.102(3)(c) (West 2010).

**Analysis**

Appellant asserts that there is "no testimony affirmatively linking" him to the seized cocaine and no forensic test like a fingerprint or DNA analysis making such a link. Furthermore, he asserts, utilization of the links test leads to the conclusion that he did not possess the cocaine.

Possession mean the actual care, custody, control, or management of an item. TEX. HEALTH & SAFETY CODE ANN. § 481.02(38) (West 2010). The links test is a method of evaluating the logical force of circumstantial evidence. *See Evans v. State*, 202 S.W.3d 158, 163 (Tex. Crim. App. 2006); *Poindexter v. State*, 153 S.W.3d 402, 406 (Tex. Crim. App. 2005). Factors included in the links test include the following: (1) the defendant's presence when a search is conducted; (2) whether the contraband was in plain view; (3) the defendant's proximity to and the accessibility of the contraband; (4) whether the defendant possessed other contraband when arrested; (5) whether the defendant made incriminating statements when arrested; (6) whether the defendant attempted to flee; (7) whether the defendant made furtive gestures; (8) whether other contraband was present; (9) whether the defendant owned or had the right to possess the place where the contraband was found; (10) whether the place where the contraband was found was enclosed; and (11) whether the conduct of the defendant indicated a consciousness of guilt. *See Evans*, 202 S.W.3d at 162 n.12. But the links test is not an independent test of the sufficiency of the evidence, and what is important is the "logical force of the circumstantial evidence, not the number of links" supporting the jury's verdict. *Id*. at 163 n.12, 166.

Officer Jeremy Johnson testified that the item that was ejected or thrown from Appellant's vehicle appeared to be a prescription bottle. Appellant was the only person in the vehicle. A prescription bottle was found in the vicinity of where the object that was thrown from Appellant's vehicle landed. This leads to a reasonable conclusion that the prescription bottle had been in Appellant's care, custody, or control, and, as a consequence, that he was in possession of the cocaine found in the bottle. As to the last step in the analysis, whether the evidence showed his possession beyond a reasonable doubt, the jury has already engaged in a weight of evidence determination and under "federal and Texas law, juries trump both trial and appellate judges on weight-of-evidence determinations." *Evans*, at 164. There is no requirement that this kind of

3

evidence be tested for fingerprints or DNA. And while most of the links are not present in this case, the conclusion that an item thrown from a vehicle occupied by a single person belonged to that person is not diminished because the person did not, for example, appear to be under the influence of illegal narcotics or make furtive gestures.

The jury's conclusion that the cocaine recovered on the side of the road was the same object that Appellant threw from his vehicle is rational under the circumstances. We hold that the evidence is sufficient to support the verdict. We overrule Appellant's sole issue.

### DISPOSITION

Having overruled Appellant's sole issue, we *affirm* the judgment of the trial court.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered June 25, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JUNE 25, 2013**

**NO. 12-12-00270-CR**

**WILLIE FRANK WADE,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 402nd Judicial District Court

of Wood County, Texas. (Tr.Ct.No. 21,111-2010)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*